**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3702-RMR

ERNESTO ROQUE LEYVA,

Petitioner,

v.

GEORGE VALDEZ, Field Office Director of Enforcement and Removal Operations, DENVER Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD BLANCHE, Acting U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
JUAN BALTAZAR, Warden of Aurora ICE Processing Center,

Respondents.

---

**ORDER**

---

Petitioner Ernesto Roque Leyva ("Petitioner") is a citizen of Cuba who has lived in the United States since 2021. ECF No. 1 ¶ 1. He was apprehended by Immigration and Customs Enforcement ("ICE") on July 24, 2021, issued an Order of Release on Recognizance, and released on July 30, 2021. *Id.* ¶ 2. On January 10, 2023, Petitioner was granted administrative closure to pursue his I-485 adjustment of status claim with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 3. He filed his I-485 application on August 30, 2022, but the application was closed on November 15, 2022 due to his pending removal proceedings. *Id.*

Petitioner was detained by ICE on September 3, 2025, following a domestic dispute. *Id.* ¶ 4. The charges for that dispute were later dropped. *Id.* His removal proceedings were re-calendared. *Id.* On January 12, 2026, the Immigration Court issued an order of removal against Petitioner. *Id.* ¶ 5. Petitioner moved for reconsideration, but the motion was denied on February 4, 2026. *Id.*

Today, Petitioner remains in detention, without an opportunity for a bond hearing. *Id.* ¶ 11. He filed the instant Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, arguing he is improperly detained under 8 U.S.C. § 1231 and seeking immediate release with appropriate supervisions.[1] *Id.* at 19. The relief requested by Petitioner and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner has been detained for nearly eight months since his order of removal, beyond the presumptively reasonable six-month period of detention. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* Respondents have not provided such evidence and "are not submitting a brief in opposition to the Petition." ECF No. 8 at 2. Therefore, the Petition is granted.

With respect to the appropriate relief, this Court has previously granted similar petitions and ordered Respondents to provide those petitioners with a bond hearing where the "Government shall bear the burden of proving, by clear and convincing

---

[1] Respondents filed a response to the Petition. ECF No. 8.

evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *See Tzompa Garcia v. Baltazar*, No. 26-CV-2713-RMR, 2026 WL 2240137, at *1 (D. Colo. Aug. 4, 2026); *see also A.A.G.R. v. Baltazar*, No. 26-CV-02344-RMR, 2026 WL 2110577, at *2 (D. Colo. July 22, 2026). Several of these bond hearings were not compliant with the Court's orders, specifically with respect to applying the "clear and convincing" standard. *Tzompa Garcia*, 2026 WL 2240137, at *3; *A.A.G.R.*, 2026 WL 2110577, at *3. Other courts in this District have also expressed "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2025); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4-*5 (D. Colo. Apr. 22, 2026); *see also Asfir v. Blanche*, No. 26-cv-01435-GPG (D. Colo. July 2, 2026). Given this reality, the Court finds Petitioner's immediate release is the appropriate remedy. *See Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (contemplating the district court should "order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on his own recognizance, along with all his personal belongings, without onerous conditions of release,

including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on his movement. Respondents shall facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order; and
5. On or before **September 9, 2026**, Respondents shall file a status report certifying compliance with this Order; and

DATED: September 3, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge